# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD KEENE, individually and on behalf of all others similarly situated, *Plaintiff*, | : : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant*. | : : : | No. 25-cv-5584 |
| C.H., individually and on behalf of all others similarly situated, by his parent and guardian, BRITTNY KEENE, *Plaintiff*, | : : : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant*. | : : : | No. 25-cv-5621 |
| JAMES MILLER, individually and on behalf of all others similarly situated, *Plaintiff*, | : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant*. | : : : | No. 25-cv-5623 |
| KENNETH PECKINPAUGH, individually and on behalf of all others similarly situated, *Plaintiff*, | : : : : | CIVIL ACTION |
| v. | : : | |
| TEKNIPLEX, INC., *Defendant*. | : : : | No. 25-cv-5650 |
| ANDREW HOLMSTROM, individually and on behalf of all others similarly situated, *Plaintiff*, | : : : : | CIVIL ACTION |
| v. | : : : | |

| | | |
|---|---|---|
| **TEKNIPLEX, INC.,** | : | No. 25-cv-5713 |
| *Defendant.* | : | |
| | : | |
| **ROBERT BECK, individually and on behalf of all others similarly situated,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **TEKNIPLEX, INC.,** | : | No. 25-cv-5722 |
| *Defendant.* | : | |

# ORDER

**AND NOW**, this **30th** day of **October 2025**, upon consideration of Plaintiffs' Motions to Consolidate Cases and Appoint Interim Co-Lead Class Counsel (ECF No. 11 in No. 25-cv-5584; ECF No. 10 in No. 25-cv-5621; ECF No. 14 in No. 25-cv-5623; ECF No. 11 in No. 25-cv-5650; ECF No. 13 in No. 25-cv-5713; and ECF No. 12 in No. 25-cv-5722), and having received no opposition from any party, it is hereby **ORDERED** as follows:

1. The Motions (ECF No. 11 in No. 25-cv-5584; ECF No. 10 in No. 25-cv-5621; ECF No. 14 in No. 25-cv-5623; ECF No. 11 in No. 25-cv-5650; ECF No. 13 in No. 25-cv-5713; and ECF No. 12 in No. 25-cv-5722) are **GRANTED**, for the reasons set forth in the accompanying memorandum opinion.

2. The following actions (collectively, the "Consolidated Action") shall be consolidated for pretrial purposes, pursuant to Federal Rule of Civil Procedure 42, under Civil Action No. 25-cv-5584 (the "Master Docket"):

    a. *Keene v. Tekni-Plex Inc.*, No. 25-cv-5584-CFK.

    b. *C.H. v. Tekni-Plex Inc.*, No. 25-cv-5621-CFK.

    c. *Miller v. Tekni-Plex Inc.*, No. 25-cv-5623-CFK.

    d. *Peckinpaugh v. Tekni-Plex Inc.*, No. 25-cv-5650-CFK.

  e. *Holstrom v. Tekni-Plex Inc.*, No. 25-cv-5713-CFK.

  f. *Beck v. Tekni-Plex Inc.*, No. 25-cv-5722-CFK.

3. The case file for the Consolidated Action will be maintained under Master File No. 2:25-cv-05584. All orders, pleadings, motions, and other documents, when filed and docketed in Case No. 25-cv-5584, shall be deemed filed and docketed in each individual case to the extent such filing is generally applicable to the Consolidated Action. Such documents need not be filed, and docket entries need not be made, on the individual dockets for the Consolidated Action.

4. The **CLERK OF COURT** shall **ADMINISTRATIVELY CLOSE** the *C.H.* (25-cv-5621), *Miller* (25-cv-5623), *Peckinpaugh* (25-cv-5650), *Holmstrom* (25-cv-5713) and *Beck* (25-cv-5722) cases.

5. Plaintiffs in the Consolidated Action shall file a consolidated Complaint on or before **December 1, 2025**. Defendants are relieved from responding to any of the complaints initially filed in the Consolidated Action. The Parties shall meet and confer about a motion to dismiss briefing schedule, and they shall submit a proposed briefing schedule to the Court on or before **December 8, 2025**, which the Court shall review to determine if the deadlines requested are reasonable.

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Kenneth J. Grunfeld of Kopelowitz Ostrow P.A., Marc H. Edelson of Edelson Lechtzin LLP, Benjamin F. Johns of Shub Johns & Holbrook LLP, and Andrew W. Ferich of Ahdoot & Wolfson, PC as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the putative class in the Consolidated Action, with the responsibilities set forth below:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

f. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

g. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

h. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

i. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

j. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

k. Make available to other Plaintiffs' counsel documents produced by the Defendants; and

    l. Allocate attorneys' fees.

7. Any additional plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Co-Lead Class Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

8. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

9. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently be consolidated with the above actions.

10. Interim Co-Lead Class Counsel shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District, at which time the Court will determine if the case should be consolidated with the above Consolidated Action. This Order shall apply to any subsequently consolidated cases.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**